RED CHIEF (WHITE v.). See Case No. 17,-556.

REDDY (BINGHAM v.). See Case No. 1,-414.

REDDY v. LUDLOW. See Case No. 8,052.

## Case No. 11,627.
REDFERN et al. v. RUMNEY et al.

[1 Cranch, C. C. 300.] [1]

Circuit Court, District of Columbia. March Term, 1806.

ATTACHMENT—IN CHANCERY— DECEASED FOREIGN DEBTOR.

A chancery attachment will not lie in Virginia, to charge the effects of a deceased foreign debtor in the hands of a resident defendant.

The bill in this case sets forth: (1) That one Joseph Hodgson, late of White Haven, in Great Britain, deceased, on the 29th of October, 1798, pretending to be in partnership with W. I. Hall, of Alexandria, purchased, for the partnership, goods to the amount of £500, 7s. 0d. sterling, and gave to the complainants a promissory note, dated at White Haven, on that day, for that amount, signed Hodgson & Hall. After the note was given, the complainants understood that Hodgson became a bankrupt in Eng-

[1] [Reported by Hon. William Cranch, Chief Judge.]

land, and afterwards died intestate, and no administration was taken out upon his estate. Hodgson resided in England, and Hall in Alexandria, and as the plaintiffs [M. & B. Redfern] understood, carried on business on their joint account and profit. That the goods were purchased and shipped by Hodgson to Hall, and sold in Alexandria; many of the goods remained unsold at the time of Hodgson's death. That Hall denied the partnership. That after the bankruptcy of Hodgson, and before his death, some arrangement was made respecting his property, by which the defendant, Rumney, was authorized to settle his business in America, and to receive any debts, or effects which might belong to him there, and that in consequence of that authority, he collected and received effects and debts of Hodgson, which remained in Rumney's hands, in Alexandria, in the District of Columbia, at the time of the institution of this suit, and were received principally from Hall, for the purpose of paying debts due from Hodgson. That Rumney did not think himself authorized, and refused to pay the complainants' claim, and they are apprehensive that he will remit the effects to Great Britain, and defeat the complainants of their remedy. It then prays discovery from Rumney, whether he did not receive from Hall, effects greatly beyond the complainants' claim, for the purpose of paying the debts of Hodgson; and what was the amount of those effects, and whether they were in his possession, or subject to his power and direction, at the time of the institution of this suit. The relief prayed, is, that complainants' claim may be decreed to be paid out of those effects, and such other decree as may be consistent with equity. Rumney's answer does not expressly admit the debt to be due from Hodgson to the complainants, but says he thinks it probable. It states the complainants to have been always British subjects; that Hodgson was born a British subject, and resided in Great Britain at the time of contracting the debt to the complainants, and was declared a bankrupt, according to the British statutes; that Williamson & Birkett, of White Haven, were duly chosen and appointed assignees of the estate of Hodgson. and undertook the trust, and appointed the defendant their agent and attorney to settle and adjust the accounts and claims which existed in the United States, between persons resident therein and Hodgson, and to collect and receive what might be due to him, and to remit to the assignees what he should receive; that he has now in his hands $617 collected from debts due to Hodgson, which he has been restrained by this suit from paying over to the assignees, but contends that as the complainants and Hodgson were British subjects at the time, &c., and the debt contracted in Great Britain, the complainants ought to be referred to assignees, and cannot avail themselves of the laws of this country, to gain an unequal share of the bankrupt's effects.

Mr. Swann, for plaintiffs.
C. Lee, for defendants.

CRANCH, Chief Judge. It has been argued as if the complainants had fully established their claim against Hodgson, and the court will so consider it, although if it were questioned, it is doubtful whether that fact is sufficiently proved. The counsel for the complainants relies on the act of assembly of Dec. 26, 1792 (Laws Va., vol. 1, p. 160), "directing the method of proceeding in courts of equity against absent debtors, or other absent defendants, and for settling the proceedings on attachments against absconding debtors." But the complainants' bill is neither founded upon, nor supported by that act. It states no absent debtor, or absent defendant, but expressly states their debtor, Hodgson, to have departed this life before the institution of this suit. Hodgson was no longer their debtor. Their debtor was either the assignee under the bankrupt laws, or the executor or administrator of Hodgson. There is, however, one ground of equity against Rumney, stated in the bill, and that is, that he received from Hall effects in trust to pay the debts of Hodgson; but this ground is denied by Rumney's answer, which states that what he received, he received as agent for the assignees, and to be remitted to them. This the complainants have admitted to be a sufficient answer, by not excepting to it for insufficiency; but if it is not, then the averment in the bill stands unanswered by the defendant, and not proved by complainants; it cannot, therefore, be the foundation of a decree. If it should be said that Rumney should be charged as executor in his own wrong, the answer is, that that is a ground of relief at law, and not in equity, and there is no allegation in the bill to charge him as such. There being, therefore, no ground of equity admitted or proved, it becomes unnecessary to decide the point on which the cause was argued. The question argued at the bar was, "whether the effects of an English bankrupt in this country are transferred by the assignment; or whether the act of assembly prevents the operation of that assignment in this country." The authorities cited on that point were Chevalier v. Lynch, 1 Doug. 170; Hunter v. Potts, 4 Term R. 182; Sill v. Worswick, 1 H. Bl. 665; Phillips v. Hunter. 2 H. Bl. 402; Coop. Bankr. Law, 328; Harris v. Mandeville, 2 Dall. [2 U. S.] 256. It is sufficient as to that point to say, that the counsel for the complainants rested his whole claim upon an act of assembly, which does not in any manner apply to their case. The bill, therefore, must be dismissed with costs.