Witness our hands and seals this twenty-first day of May, 1832. (Signed) Jos. Henderson (seal). R. C. Byrd (seal)." The judgment of the circuit court was rendered in favor of the appellee for the sum of two thousand and ninety-five dollars and seventy-nine cents debt; two hundred dollars thereof having been previously paid, and thirteen dollars and thirty-eight cents interest, and thirty-four dollars and twelve cents damages, together with interest on two thousand ninety-five dollars and seventy-nine cents, at the rate of ten per cent. per annum till paid, and the costs of the suit, which has been brought up to this court by appeal. Numerous objections have been taken by the appellants to the proceedings in the court below, some of which we will proceed to notice. First, it is contended that it is not averred in the declaration that the defendants affixed their scrolls to the writing declared on. By inspecting the declaration, it will be seen that the averment is sufficiently made. Another ground relied upon for reversing the judgment is, that it is rendered for interest at the rate of ten per cent. per annum till paid. By the terms of the contract in this case, ten per cent. per annum was agreed to be paid, and, by referring to our statute on the subject of interest, it will be seen that ten per centum may be lawfully reserved. Geyer, Dig. 240. Judgment affirmed.

---

HENDERSON (FISHER v.). See Case No. 4,820.

---

## Case No. 6,352.

HENDERSON v. The HANNAH M. BUELL.

[1 Wkly. Notes Cas. 302.]

District Court, E. D. Pennsylvania. March 12, 1875.

ADMIRALTY JURISDICTION—WAGES OF WATCHMAN.

Wages as a watchman on board ship in port not a subject of admiralty jurisdiction.

This was a libel in rem for wages, the libellant [John S. Henderson] claiming to recover $357 for his wages as seaman, mate, and second mate from November 25, 1873, to October 19, 1874. During the first month of the period embraced in libellant's claim he was employed as watchman on board the vessel while in the port of Philadelphia. On January 1, 1874, he signed articles as seaman, afterwards as second mate and mate, and was discharged October 19, 1874.

Mr. Edmunds, for libellant.
Mr. Coulston, for respondents. Libellant has no lien against the vessel for his services as watchman.

PER CURIAM. The court is of opinion that it has no jurisdiction of the demand for watching and refuses to entertain the same;

and, as to the residue of libellant's demand, awards him two hundred and eighty dollars without costs. Decree accordingly.

---

## Case No. 6,353.

HENDERSON v. HENDERSON.

[5 Cranch, C. C. 469.] [1]

Circuit Court, District of Columbia. May Term, 1838.

ATTACHMENT—DECEDENT'S ESTATE.

A chancery attachment will not lie against the effects of a deceased person.

Chancery attachment of slaves, the property of the deceased John Henderson, for a debt due by him, in his lifetime, to the plaintiff [Tarlton T. Henderson].

Mr. Semmes, for defendant [John Henderson's administrator], moved the court to quash the attachment. The effects of a deceased person are not liable to be attached for debts due by him in his lifetime. They can only be administered by the executor or administrator according to law. The Virginian administrator has a right to sue in this court, and recover the property. He is not bound to give security upon dissolving the attachment. Wilson v. Wilson, 1 Hen. & M. 15; Wilson v. Kooutz, 7 Cranch [11 U. S.] 202; 1 Story, Eq. Jur. 549.

Mr. Taylor, contra. The sureties of the Virginian administrator are not liable for assets in the District of Columbia. Story, Confl. Laws, §§ 462, 524.

THE COURT (THRUSTON, Circuit Judge, absent) ordered the attached effects to be discharged.

---

HENDERSON (IRWIN v.). See Case No. 7,084.

---

## Case No. 6,354.

HENDERSON v. LONG.

[Brunner, Col. Cas. 188; [2] 1 Cooke, 128.]

Circuit Court, E. D. Tennessee. 1812.

DESCRIPTION IN GRANT—"ADJACENT" CONSTRUED—GRANT—CALLS IN ENTRY — SURVEY, HOW MADE WHERE CALLS ARE INDEFINITE.

1. Adjacent does not mean adjoining, it signifies convenient, near to, or in the neighborhood.

2. A call in an entry may be made good by description, though the object called for is not notorious.

3. Where the calls in an entry are indefinite the survey should be made either in a square or an oblong.

The plaintiff [Henderson's lessee] claimed under the elder grant. The defendant, for

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Albert Brunner, Esq., and here reprinted by permission.]