## HEMINGWAY v. MOORE AND CRENSHAW.

1. A non-resident cannot sue out an attachment against the property of a deceased non-resident debtor.

Writ of Error to the Circuit Court of Lowndes.

THE action was commenced by attachment, by the plaintiff in error, who made affidavit that he was a resident of the State of Mississippi, and that Andrew Hutchinson, deceased, of South Carolina, was in his lifetime indebted to him in the sum of $1,653 15, that John S. Moore and Ephraim A. Crenshaw are his administrators, and reside in South Carolina, and have not sufficient property of the estate of their intestate in the State of South Carolina, to satisfy the debt or demand, &c.

Bond was given, and an attachment issued, returnable to the circuit court of Lowndes, which was levid on a debt in the hands of T. M. Williams, who was summoned as a garnishee.

The court, on motion, quashed the attachment, and this is now assigned as error.

J. D. F. WILLIAMS, for the plaintiff in error, contended, that all the rights secured to resident creditors are given to non-resident debtors. [Clay's Dig. 57, § 9.]

ORMOND, J.—The question presented on this record whether a non-resident of this State, can levy an attachment on the property of a deceased non-resident, found within this State, was determined by this court in Loomis v. Allen, 7 Ala. R. 708, where it was held that the remedy by attachment, in that particular case, was given only to resident creditors.

Such is still our opinion. The statute authorizing attach-

ments to issue in such a case, (Clay's Dig. 58, § 14,) passed in 1807, and it is evident from the phraseology employed in the act, was intended only to apply to those cases, where a debtor residing in this State, removed from this State, and died, having left property within this State ; and the object of the law seems to have been, to give the resident creditor a remedy for his debt, without taking out letters of administration.

The law giving to non-resident creditors the benefit of the attachment law against non-resident debtors, passed in 1824, (Clay's Dig. 57, § 9,) but we think it is clear it was not intended to give them the benefit of this particular law. It is confined by the terms of the act to cases where the non-resident debtor "removes his property into, or holds property in this State." With no propriety can this language be applied to the foreign executor or administrator, for if the property had ever come to his possession, it would not be subject to the attachment of the resident creditors, as was held in the case of Loomis v. Allen, *supra*. Further, the creditor suing out the attachment, is required to swear, that the defendant has not sufficient property in the State of his residence, to satisfy the debt, language which could not have been employed by the legislature, if they had in view the case of a deceased non-resident debtor.

The act of 1807, is, to say the least, one of doubtful policy, and is by its express terms, confined to cases where one contracting debts in this State, removes, leaving property behind him, and dies. In such a case, it seems to have been considered by the legislature proper, that the creditors of the deceased should have a remedy against the property, instead of compelling them to take out letters of administration, or seek payment from the foreign administrator. No such considerations apply in the case of the foreign creditor, and there is therefore no hardship in requiring him to take out administration, if he desires to subject property of the deceased in this State to the payment of his debts. Our conclusion is, that this case is neither within the letter or the spirit of the

act of 1824, giving the remedy by attachment to non-residents against non-residents, and the judgment of the court quashing it must be affirmed.