## THE BRANCH BANK AT MOBILE *vs.* McDONALD.

1. An attachment lies under the statute, (Clay's Digest 58 § 14,) in favor of a resident creditor, against the foreign executor or administrator of his deceased non-resident debtor.

    (Goldthwaite, J., *dissenting*, held, that it was the object of the statute to confer upon the creditor the same rights against the estate of his deceased debtor that he had against his property while he was living; and that the remedy was intended to be given against the person who was here recognized as the legal representative of the property.)

2. To authorize an attachment against the foreign executor or administrator of a deceased non-resident debtor, it must appear that he was a non-resident *at the time of his death;* and when the attachment is sued out against the non-resident debtor himself while living, the suit cannot be revived by *sci. fa.* against his foreign executor or administrator, because, *non constat* that he was a non-resident at the time of his death.

3. The act of 1802 (Clay's Digest, 313 § 1,) authorizing the revival of a suit against the personal representative of the defendant, does not apply to foreign representatives.

ERROR to the Circuit Court of Pickens.

The record does not show the name of the presiding judge.

This suit was commenced by attachment by the plaintiff in error against Hugh McDonald, on the ground that the defendant was a non-resident debtor; and the defendant having died during its pendency, a *scire facias* was issued, in the usual form, against the defendant in error, as his executor, to appear and show cause why the suit should not be revived against him.

The *scire facias* having been returned "made known," the

defendant in error appeared, and pleaded, by consent, in bar and abatement, that he was not, at the time of the suing out of the *sci. fa.*, nor at any other time before or since, executor of the last will and testament of said Hugh McDonald in the State of Alabama; nor had letters testamentary been granted therein to him; nor had he acted as such in said State, or had in his hands any goods or chattels, rights or credits of said Hugh in said State to administer; but was only executor of the said Hugh in the State of Mississippi, by appointment and letters testamentary granted therein, and was not bound to make himself a party, nor liable to be made a party defendant, as executor of said Hugh, in said State of Alabama.

To this plea the plaintiff demurred, but his demurrer was overruled; and declining to answer over, judgment on the demurrer was rendered in favor of the defendant. The overruling of the demurrer is now assigned for error.

E. W. PECK and A. B. CLITHERALL, for plaintiff in error:

The court erred in overruling plaintiff's demurrer to defendant's plea to the *sci. fa.*, because:

1. An executor derives his office and powers from the will; a party appointed executor by the will is an executor, not only in the place where the will was made, but every where; and an executor has not only the power to sue, but is liable to be sued as such, even before probate of the will. 1 Williams on Executors, 164–5. In this case, the will had been proved, and letters testamentary granted to the defendant, in the State of Mississippi; and being found in this State, and here served with the *sci. fa.*, he may well be made a party, to revive a suit commenced by attachment against his testator, and abated by his death. Clay's Digest 58 § 14; Loomis v. Allen, 7 Ala. 708; Hemingway v. Moore & Crenshaw, 11 ib. 645.

2. The pleas do not amount to a plea of *ne unques* executor, nor do they show any legal reason why the defendant should not be made a party to the suit. The statute authorizes the revival of any suit, when the cause of action by law survives, for or against the executor or administrator of the deceased. (Clay's Digest, 313 § 1.) If the plaintiff may com-

mence his suit by attachment, against a foreign executor or administrator, why should he not revive it against him, if the defendant dies, and the cause of action survives?

BLISS & BALDWIN, *contra :*

1. The suit could not be brought or maintained against the defendant, as executor, under his appointment in the State of Mississippi. Story's Conflict of Laws, 421 § 513, and note; Harrison v. Mahorner, 14 Ala. 833; 10 Yerger 283; 2 Kent's Com. 432, note C; 1 Lomax on Executors 119.

2. It was obviously the intention of the statute (Clay's Digest 313,) to provide for the revival of suits against such personal representatives only as would be subject to suits here, if no action had been commenced against the deceased. To adopt any other construction, would not only conflict with well settled principles, but would produce the greatest difficulty and confusion, and lead to continual conflicts.

GOLDTHWAITE, J.—The attachment in this case was sued out by a resident creditor, against the estate of a non-resident debtor. The original debtor having died before final judgment, a *scire facias* was issued against his foreign executor; and the principal question presented upon the record is, whether a suit of this character can be revived against the foreign representative. The plaintiff in error insists, that, as the statute, (Clay's Digest 58 § 14,) under the construction which has been given to it by this court in the cases of Loomis v. Allen, 7 Ala. 708, and Hemingway v. Moore, 11 Ala. 645, extends the remedy in such a case against the foreign executor of the debtor, the suit commenced by attachment against the non-resident can, upon his death, be revived against such representave.

The clause of the statute upon which the decisions referred to are predicated, is as follows: "And in case of the death of any debtor residing out of the limits of this State, having lands or other property therein, the creditor resident within the State shall, in like manner, be entitled to recover by attachment against the executors or administrators." I do not think that the construction given to this clause of the statute in the cases cited is the correct one. The resident creditor

was, under another section of the same act, entitled to his attachment against the estate of the non-resident debtor; and, in my opinion, the object of the clause in question was simply to confer upon the creditor the same rights, against the estate of the deceased debtor, that he had against his property while living; and the remedy was intended to be given against the party who was recognized here as the legal representative of such property. This construction would not militate against the rights intended to be secured to the creditor; for it would always be in his power, when the decedent left property in this State, to procure the issue of letters to the proper officer, upon application to our own tribunals. The foreign administrator has nothing whatever to do with the estate of the decedent, beyond the jurisdiction of the forum from which he derives his authority to act; and having no legal interest in the property attached, he would not be as likely to have notice of the levy, as the person on whom the duty of administering the property was devolved by the grant of letters in this State; and therefore the less opportunity of investigating the claim upon which the attachment was sued out, and, if need be, interposing the necessary defences.

But again; the rule is well settled, both in England and the United States, that no suit can be brought against an executor or administrator, in his representative character, in the courts of any other country than that in which he obtains his letters. Harrison v. Mahorner, 14 Ala. 833; Story's Conflict of Laws, § 523. Of course, we entertain no doubt as to the right of the legislature to give this remedy, even against the foreign representative; but the terms of the act are not such as to force this construction upon us; and when it is shown to be in violation of all the analogies of the law, in relation to foreign administrators,—when it is unnecessary, to enforce the rights which it was the object of the act to secure, and would, in many cases, prejudice the rights which belong to the other parties in interest, it is sufficient to satisfy my mind, that such a construction is incorrect, and should no longer be adhered to. A majority of the court, however, entertain different views, and think that the decisions to which I have referred should be maintained.

There is, however, another ground, which is decisive of the

case.   Conceding that, in a proper case, an attachment may be sued out against the foreign representative, yet the position taken by the plaintiff in error cannot be sustained.   The only case in which the foreign executor or administrator is allowed to be sued by attachment is, when the testator or intestate was a non-resident at the time of his death.   In the present case, the attachment was sued out in the lifetime of the debtor; and although he may have been a non-resident when the attachment was issued, *non constat* that he was so at the time of his death.   To sustain a remedy of this description, the record must show a case in which the remedy would lie, and it must not be left to inference or deduction; not showing it in the present case, except by inference, the argument based upon that ground falls.

At the common law, the death of a sole defendant before final judgment abated the suit; and the act of 1802 (Clay's Digest 313 § 1,) which authorizes the executor or administrator of a deceased defendant to be made a party, certainly does not apply to the foreign representative.   The pleas were in substance, that the party who was brought into court by *scire facias* as the executor, was not, and never had been, the executor of the defendant in this State.   This, in legal effect, is the plea of *ne unques* executor.   1 Saunders' Pleading 510.

There was no error in overruling the demurrer to the pleas, and the judgment is affirmed.