## W. W. FORD et al. *v.* JACOB NEWCOMER et al.

The misnomer in the petition for administration of a succession, by calling it a vacant one, will not affect the proceedings which have been regularly conducted as in a succession not vacant, and administered with the benefit of inventory.

Although a judgment of homologation, recognizing the verity of claims set up against the succession, may not be technically, as to the heirs, *res judicata*, yet it constitutes *prima facie* proof, and imposes upon the heirs the burden of establishing fraud and deception in obtaining it.

APPEAL from the District Court of the Parish of Franklin, *Richardson*, J. *Morrison & Purvis*, for plaintiffs. *M. A. Jones* and *Smith & Spencer*, for defendants.

BUCHANAN, J. Certain children and heirs of *Mrs. Penelope Ford*, sue (in 1854,) to set aside a sale of slaves belonging to their mother's succession, made by order of court, to pay debts, in 1848, by their brother and co-heir, now deceased, the administrator or curator of *Penelope Ford's* estate.

The petition also prays for a partition of *Penelope Ford's* estate, and for general relief.

The grounds of nullity alleged in the petition are:

1st. That the succession of *Mrs. Ford* had been administered as a vacant estate, when in fact it was not vacant, but a succession of which all the heirs were known, and which none of them had renounced.

2d. That the pretended debts, to pay which the property of *Mrs. Ford* was sold, were not due by said estate, but were fictitious, and the sale a fraudulent contrivance of the curator, *George W. Ford*, to appropriate to himself the estate, and defraud his co-heirs.

There are two defendants: one, the administrator of *George W. Ford's* estate

and the other, the tutor of *G. W. Ford's* minor child. They both plead the general issue, *res judicata*, and prescription.

The tutor moreover pleads, that this suit is prosecuted, in reality, for the interest of the other defendant, the administrator, who is alleged to have purchased the shares of plaintiffs in the inheritance of *Penolope Ford;* to establish which fact, interrogatories were propounded by the former to the latter.

The District Judge sustained the plea of *res judicata*, as to the verity of the alleged debts of the succession of *Penelope Ford*, upon the authority of Article 1057 of the Civil Code, and the cases reported in 6th La. 225, and 3d An. 383.

The evidence shows, that a statement of the debts of the estate *of Penelope Ford* was filed by the administrator, *George W. Ford*, on the 22d August, 1846, and that the same was homologated by two judgments of court of the 12th December, 1846, and the 10th September, 1847.

This appears to have been in conformity to the Articles 1056, 1057 and 1058 of the Code.

But it is objected by counsel of plaintiffs, that the judgments of homologation and orders of sale were null, because not preceded by a notice to the counsel of absent heirs, as required by Article 1157 of the Code.

This Article applies to the case of a vacant succession ; and although the succession of *Mrs. Penelope Ford* was styled vacant in the petition of *G. W. Ford* for letters, yet, this was evidently a misnomer, not intended, nor having the effect, to deceive any person. For in the same petition, it is declared, that the deceased was the mother of petitioner, and that he is one of her heirs. There was, therefore, no advertisement during ten days, of the petitioner's application, neither was there any appointment of an attorney to represent absent heirs, as would have been the case, had this been really a vacant succession, according to the definition contained in Article 1088 of the Civil Code. But the Judge proceeded at once to appoint the petitioner to the administration, as a beneficiary heir of age, according to the Articles 1034 and following.

The plaintiffs were at the time, and have been since, residents of the parish where those proceedings took place.

We are, therefore, of opinion, that neither of the grounds of nullity alleged by plaintiffs should prevail. For, as to the first, the misnomer in the petition for administration, of calling the succession a vacant one, will not avoid proceedings which have been regularly conducted as in a succession not vacant, administered with benefit of inventory ; and as to the second, although the judgments of homologation, recognizing the verity of the claims set up against the succession, may not be technically, as to these plaintiffs, *res judicata*, which excludes all proof to the contrary, yet they constitute, especially at this distance of time, *prima facie* proof, which imposes upon plaintiffs the burden of establishing the fraud and deception by them alleged. But they have offered no proof whatever upon this subject.

Under the prayer for general relief, the District Judge has allowed plaintiffs five hundred and sixty-eight dollars, being for one year and five months hire of slaves belonging to the succession of *Penelope Ford*, while they remained in *George W. Ford's* possession previous to the judicial sale.

The defendants and appellees have filed answer to the appeal, praying an amendment of this part of the judgment. And we think they are entitled to relief in this respect. The hire allowed is the whole value, as proved, of the services of the slaves. But *Mrs. Penelope Ford* had six children, of whom *G. W.*

*Ford* was one. He, therefore, represented in his own right, one-sixth of the succession; and his administrator has acquired the interest of two others, *William* and *Robert Ford*, as proved by answers to interrogatories, given in evidence against plaintiffs, without objection. The interest of these two heirs, who are two of the plaintiffs in the present suit, was thus acquired by *George Ford's* administrator for account of the estate by him administered, as is alleged by him.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended, and that plaintiffs recover of defendants, in their capacity of tutor and administrator, the sum of two hundred and eighty-four dollars and thirty-seven cents, with interest from judicial demand, and costs of the court below; those of appeal to be paid by plaintiffs.