# JORDAN *v.* LANDRAM.

ATTACHMENT; PLEADINGS; CERTAINTY IN; EXECUTORS AND ADMINISTRATORS.

1. In an attachment suit here against foreign executors, to recover for services performed by the plaintiff for the defendants' testatrix, a plea to the jurisdiction is not fatally lacking in certainty which al-alleges the defendants' citizenship and residence in Virginia; that they are executors of the testatrix, named under an order of the proper court of Page county, in that State; that neither of them was ever appointed executor by any court of the District of Columbia; that they are suable only in Virginia; and that their accounts as executors are still open and unsettled.

2. Property of a decedent's estate in this District, and in the control of foreign executors, is not subject to attachment here for a debt due by the decedent. (Construing D. C. Code, secs. 105 and 445 [31 Stat. at L. 1206, 1258, chap. 854], and following *Graham* v. *Fitch,* 13 App. D. C. 569.)

No. 2048. Submitted March 4, 1910. Decided April 5, 1910.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, overruling a demurrer to a plea to a declaration, and the plaintiff electing not to amend, dismissing the action.　　　　　　　*Affirmed.*

The COURT in the opinion stated the facts as follows:

Gabriella K. Jordan filed the declaration in this case against the appellees, Charles S. Landram and John A. Broaddus, as executors of Constance K. Vertner, to recover the aggregate sum of $4,080 under a promise made by the testatrix, on May 3d, 1900, to pay her the sum of $40 per month during her life, the payment of which had been neglected and refused. The defendants are alleged to be citizens of the United States, residing in Virginia, and are charged as "executors of and holding in trust certain real estate in the District of Columbia,"— description follows. An affidavit (not in the record) was made on which summons was had by publication, and an attachment was issued, and levied upon the real estate described.

The executors appeared specially with pleas to the jurisdiction, alleging citizenship and residence in Luray, Page county, State of Virginia; that they are executors of the will of Constance K. Vertner, under and by virtue of an order made by the proper court of Page county, Virginia; that they nor either of them was ever appointed executor by any court of the District of Columbia; that they are suable only in the jurisdiction in which their appointment was made; and that the accounts of said executors are still open and unsettled. A demurrer to this plea was overruled, and plaintiff declining to amend, her action was dismissed, and she has prosecuted this appeal.

*Mr. Chauncey Hackett, Mr. W. R. Tuckerman,* and *Mr. Frank W. Hackett* for the appellant.

The appellee Mr. Charles S. Landram appeared in proper person, and the appellee Mr. John A. Broaddus appeared by *Mr. John J. Hemphill,* his next friend.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Objection has been taken to the plea to the jurisdiction for want of particularity. In our opinion it alleges the necessary facts, and is sufficiently certain. The facts substantially appear in the declaration itself.

The jurisdiction is sought to be maintained by virtue of the provisions of secs. 105 and 445 [31 Stat. at L. 1206, 1258, chap. 854] of the Code.

The function of sec. 105 is to substitute summons by publication for personal service where necessary in certain suits and actions in the nature of proceedings *in rem,* in which are included attachments.

This action is in debt, and the only ground upon which process by publication can be maintained is that an attachment has been sued out and levied upon property. And of course that could be good only to the extent of the condemnation of the attached property and the application of its proceeds.

These attachments are authorized by sec. 445 in certain cases where defendants are nonresidents, or, being residents, have absented or secreted themselves, or have committed certain frauds upon creditors, etc. Neither executors nor administrators are named in the section as subject to attachment, and as the attachment of the property of an estate is obviously inconsistent with the law of administration, nothing less, we think, than express authorization, would warrant it. It was denied, after full consideration, by this court, where the attempt had been made to attach effects in the hands of an executor, as garnishee, under the provisions of the Maryland act of 1715, then

in force. *Graham* v. *Fitch,* 13 App. D. C. 569–573. See cases cited therein, also. Chief Justice Alvey, who delivered the opinion in that case, among the reasons given for the conclusion, said: "Indeed, if the principle contended for by the appellant in this case were sustained, it would not only embarrass and delay the settlement of estates, but would often draw them from courts of probate and administration, where they ought to be settled, before the courts of common law, which would have no power to adjust and settle the accounts of the executor or administrator. Such interference might produce much inconvenience, and prevent the executor from executing his office as the law directs."

The same doctrine was maintained in the old circuit court of the District. *Redfern* v. *Rumney,* 1 Cranch, C. C. 300, Fed. Cas. No. 11,627; *Patterson* v. *McLaughlin,* 1 Cranch, C. C. 356, Fed. Cas. No. 10,828; *Henderson* v. *Henderson,* 5 Cranch, C. C. 469, Fed. Cas. No. 6,353.

Like reasoning has generally, if not invariably, controlled the judgments of courts in other jurisdictions where attachments are authorized by statutes of the same general character as sec. 445. *Hemingway* v. *Moore,* 11 Ala. 645, 646; *Jackson ex dem. Murray* v. *Walsworth,* 1 Johns. Cas. 372; *Re Hurd,* 9 Wend. 465–468; *Debuys* v. *Yerby,* 1 Mart. N. S. 380; *Cheatham* v. *Carrington,* 14 La. Ann. 707; *Haight* v. *Bergh,* 15 N. J. L. 183; *Connelly* v. *Lerche,* 56 N. J. L. 95–99, 28 Atl. 430. See also Drake, Attachm. 5th ed. § 81.

The learned trial justice was clearly right in overruling the demurrer and entering judgment for the defendants; and that judgment will be affirmed, with costs. *Affirmed.*